UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRADSHAW HOLDINGS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00075-HAB-SLC |
| ) | |
| DOXA E&S SOLUTIONS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is a motion to seal four exhibits by Plaintiffs. (*See* ECF 30; *see also* ECF 31-1, 31-2, 31-3, 31-4). Defendants have not objected to the motion and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3).

**I. Legal Standard**

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). Further, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010)); *see Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." (collecting cases)). However, Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 ("[Public] interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of

the record in that case." (citations omitted)). "A district court's decision to seal portions of the record is reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007) (citation omitted).

## II. The Exhibits

Plaintiffs' exhibits include an Asset Purchase Agreement (ECF 31-1), an Earn-Out Agreement (ECF 31-2), an Employment Agreement (ECF 31-3), and an Amendment to Employment Agreement (ECF 31-4). Regarding Plaintiffs' motion to seal, each exhibit was apparently submitted in an attempt to comply with the parties' discovery protective order (*see* ECF 22, 37, 38, 39), but Plaintiffs' justifications as to why good cause is met are unavailing. Plaintiffs submit the following attestations to persuade the Court:

> 2. Plaintiffs' Exhibits 1, 2, 3, and 4 contain information that is proprietary to either Plaintiffs or Defendant and should not be made available for the public to see.
>
> 3. These Exhibits include private and personal information related to several of the Plaintiffs.
>
> 4. Public disclosure of these documents would reveal information that should not be disclosed.
>
> 5. No harm will be caused by the sealing of these Exhibits.

(ECF 30 at 1). As the Court has explained, the parties' Protective Order "does not authorize either party to file or maintain any document under seal. That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT." (ECF 39 at 1); *see Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) ("[T]he parties' joint motion [to seal] made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement[,] but partly on the ground that these are

commercial documents. That won't do." (citation omitted)). Because Plaintiffs do not, at any point, identify an authorizing statute or court rule, or otherwise attempt to establish "good cause," their motion will be DENIED without prejudice. These exhibits will be unsealed by the Court on or before May 5, 2025, unless Plaintiffs file an amended motion that establishes good cause to seal the exhibits on or before that date.

### IV. Conclusion

In conclusion, Plaintiffs motion to seal (ECF 30) is DENIED without prejudice. Plaintiffs are AFFORDED to and including May 5, 2025, to file an amended motion to seal that establishes good cause, or the exhibits (ECF 31-1 to 31-4) will be unsealed by the Court after that date.

SO ORDERED.

Entered this 21st day of April 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge