UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BRADSHAW HOLDINGS, INC.,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00075-HAB-SLC |
| | ) |
| **DOXA E&S SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendants.**[1] | ) |

## OPINION AND ORDER

On March 13, 2025, Plaintiffs filed a motion to seal four exhibits. (ECF 30; *see* ECF 31-1 to 31-4). However, the Court denied Plaintiffs' motion without prejudice on April 21, 2025, given they failed to demonstrate good cause in accordance with Federal Rule of Civil Procedure 26(c). (ECF 45). In that Order the Court afforded Plaintiffs to and including May 5, 2025, to file an amended motion to seal that establishes good cause. (*Id*. at 3). Defendant DOXA E&S Solutions, LLC, then filed a joint motion to seal on May 5, 2025. (ECF 47). Accordingly, the motion is ripe for the Court's ruling.

The parties now request that the Court seal: (1) portions of an Asset Purchase Agreement (ECF 1-2 at 66-68, 81-117; ECF 4-2 at 58-60, 73-109; ECF 31-1), (2) an Earn-Out Agreement (ECF 1-2 at 118-28; ECF 4-2 at 110-20; ECF 31-2), and (3) an Employment Agreement (ECF 1-2 at 129-40; ECF 4-2 at 121-32; ECF 31-3). (ECF 47 at 5-6). The request to seal does not include the Amendment to Employment Agreement filing (ECF 31-4), which was included in Plaintiffs' initial motion to seal (ECF 30).

---

[1] For ease, the Court omits the Counter-claimant Plaintiff, Counter-claimant Defendants, Third-party Plaintiff, and Third-party Defendants from the caption of this Opinion and Order.

## I. Legal Standard

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). "Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010)) (collecting cases); *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." (collecting cases)). However, Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945 ("[Public] interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." (citations omitted)). "A district court's decision to seal portions of the record is reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007) (citation omitted).

## II. Analysis

The parties advise the Court of three different documents that they request be sealed to varying levels of degree: an Asset Purchase Agreement, an Earn-Out Agreement, and an Employment Agreement. (ECF 47). The relevant portions of the Asset Purchase Agreement that the parties seek to seal are a closing working capital illustration (ECF 1-2 at 66-68; ECF 4-2 at 58-60) and a disclosure schedule to the Asset Purchase Agreement (ECF 1-2 at 81-117; ECF 4-2 at 73-109). (ECF 47 at 2-3). The parties request that the Earn-Out Agreement be sealed in its entirety along with an exhibit containing a blank EBITDA calculation sheet (ECF 1-2 at 118-28; ECF 4-2 at 110-20; ECF 31-2). (ECF 47 at 2-3). Lastly, the parties aim to seal Plaintiff Stacy Bradshaw's employment agreement (ECF 1-2 at 129-40; ECF 4-2 at 121-32; ECF 31-3). (ECF

47 at 3). The parties inform the Court that these documents contain "private and privileged customer information, private non-public financial and business information, and current employees' and former employees' salaries and benefits." (*Id*. at 2). After some examination of the documents, these points are somewhat persuasive and good cause will be found to seal, in part.

Starting with the Asset Purchase Agreement, the parties seek only to seal "Exhibit A and the schedules to the" Asset Purchase Agreement. (*Id*. at 5). Having now reviewed Exhibit A and the schedules, the Court finds good cause to seal these documents, as they contain detailed information about contracts, assets, purchase price, intellectual property, vendor names, and employees related to the asset purchase transaction. "The potential dangers [the parties] would face if a competitor gained access to [their] . . . confidential commercial information [currently] outweigh[s] the public's interest in access to these documents. *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012). Consequently, the Court will maintain these documents under seal and direct the parties to file an unsealed version of the Asset Purchase Agreement, excluding Exhibit A and the schedules to the Asset Purchase Agreement.

Next, the parties seek to seal both the Earn-Out Agreement (ECF 1-2 at 118-28; ECF 4-2 at 110-20; ECF 31-2) and Employment Agreement (ECF 1-2 at 129-140; ECF 4-2 at 121-132; ECF 31-3) in their entireties. Yet, upon review the Court finds that these documents seemingly require only minimal redactions as the information within them does not appear to contain a significant amount of confidential information. Therefore, the parties will be directed to file an unsealed Earn-Out Agreement and Employment Agreement—each with minimal redactions. As stated earlier, the parties do not request to seal the Amendment to Employment Agreement (ECF 31-4), and thus, the Court will direct the Clerk to unseal that document.

Though the Court will grant in part this motion and provisionally seal these documents, the parties are cautioned that, because this case stems from a contract dispute—potentially involving the documents to be sealed—it is likely that later in this lawsuit some or all these documents will be unsealed. That is, if any sealed document becomes material to any Court ruling, the Court may *sua sponte* revisit the sealing of these documents. Moreover, if the parties file a dispositive motion in reliance on any of these materials, there is a presumption that they will become part of the public record. *See Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records."). "[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

### III.  Conclusion

In conclusion, the joint motion to seal (ECF 47) is GRANTED IN PART and DENIED IN PART as set forth herein. The Court ORDERS the parties to file on or before June 23, 2025: (1) an unsealed version of the Asset Purchase Agreement, excluding Exhibit A and the schedules to the Asset Purchase Agreement and (2) an unsealed Earn-Out Agreement and Employment Agreement, each with minimal redactions. The Court DIRECTS the Clerk: (1) to maintain under seal ECF 1-2, ECF 4-1, and ECF 31-1 to ECF 31-3; (2) to seal ECF 4-2; and (3) to unseal ECF 31-4.

SO ORDERED.

Entered this 17th day of June 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge